In the Matter of JAMES E. DONOVAN, Respondent-Appellant, v JOSEPH W. BELLACOSA, as Chief Administrative Judge of the State of New York, et al., Appellants-Respondents.

First Department, June 25, 1987

## APPEARANCES OF COUNSEL

*Ann T. Pfau* of counsel *(John Eiseman* and *Barbara Zahler-Gringer* with her on the brief; *Michael Colodner,* attorney), for Joseph W. Bellacosa, appellant-respondent.

*Ann T. Pfau* of counsel *(Peter A. Durfee* with her on the brief; *Robert Abrams, Attorney-General,* attorney), for Classification Review Board, appellant-respondent.

*Robert F. Van Der Waag* of counsel *(Patrick J. O'Brien,* attorney), for respondent-appellant.

## OPINION OF THE COURT

KUPFERMAN, J. P.

In 1976, the New York State Legislature passed the Unified Court Budget Act (L 1976, ch 966, as amended; now codified as Judiciary Law § 39). Under that act, thousands of court employees formerly paid by counties and cities were transferred to the State payroll, effective April 1, 1977. Inasmuch as each locality had its own idiosyncracies regarding salary, title, etc., the Legislature directed that a new State-wide job classification plan be drawn up. *(See,* Judiciary Law § 39 [8] [a].) This plan aimed at establishing uniform treatment for the new employees. Responsibility for the plan eventually fell to the Chief Administrative Judge.

Petitioner-respondent-cross-appellant, James Donovan, was one of those affected by the new plan. Mr. Donovan works in Nassau County Supreme Court. At the time the new plan was being formulated, Mr. Donovan held the title of chief law assistant. In describing his duties, Mr. Donovan stated that he spent 75% of his time administering the Law Department of Nassau County Supreme Court, which then consisted of five law assistants and one stenographer. He spent the remaining 25% of his time researching and writing reports on complex legal matters.

The new classification plan defined two titles relevant to this case, chief law assistant and principal law assistant. Chief law assistants supervise law departments with eight or more law assistants in Supreme Courts located in counties with populations exceeding 400,000. In contrast, principal law assistants supervise law departments with fewer than eight subordinate law assistants. The chief law assistant draws a higher salary.

In its brief, the Classification Review Board states that it was intended that chief law assistants be those who spend more of their time on supervision and managerial duties than do principal law assistants. The Classification Review Board (CRB) believes that a correlation exists between amount of time spent on administration and number of employees supervised. The CRB infers that someone who supervises eight law assistants performs administrative duties sufficient to warrant the title and grade of chief law assistant.

Mr. Donovan asserts that it is arbitrary and capricious to

assume that someone who supervises eight law assistants has more responsibilities than someone who supervises less than eight. He argues he has the same duties as a chief law assistant and, therefore, deserves that title. Under two different procedures, Mr. Donovan asked the Chief Administrative Judge for reclassification to chief law assistant. (22 NYCRR 25.5, 25.45.) The Chief Administrative Judge rejected both requests. The request made pursuant to 22 NYCRR 25.45 was reviewable by the CRB which was created specifically to handle disputes arising out of the new classification system. The CRB unanimously affirmed that determination of the Chief Administrative Judge and dismissed Mr. Donovan's appeal. The other request, pursuant to 22 NYCRR 25.5, was not subject to administrative review. Mr. Donovan brought this CPLR article 78 proceeding seeking to annul the determination of the CRB and to annul the second, separate (22 NYCRR 25.5) determination of the Chief Administrative Law Judge.

Justice Cohen rejected the contention by the CRB that eight law assistants automatically equaled a large enough workload to justify the title of chief law assistant, finding imprecise that method of determining responsibility because factors other than number of assistants supervised may contribute to a supervisor's workload, such as the number of cases handled. He also found arbitrary the choice of eight assistants as a standard. From this, Justice Cohen concluded that no rational basis existed for the classification of Mr. Donovan and consequently granted his petition. We disagree and reverse.

While it is true that methods of determining workload other than that used under the new plan may be as good or even better, administrative determinations concerning the classification of civil service positions are subject to limited judicial review. They are presumed reasonable and will not be disturbed unless a petitioner can demonstrate that the determination is wholly arbitrary or without rational basis. (*Matter of Dillon v Nassau County Civ. Serv. Commn.*, 43 NY2d 574, 582.) A reviewing court may not substitute its judgment for the judgment of the administrative body or officer making the determination if there is any rational basis for the challenged classification. (*Matter of Grossman v Rankin*, 43 NY2d 493, 503, *rearg denied* 44 NY2d 733.)

We cannot say it is irrational to look to the number of people supervised as a standard by which to gauge workload and thereby grade positions. Nor can we say it is irrational to

draw the line at eight law assistants as opposed to some other number. Within their purview, administrative bodies empowered by the Legislature have the right to set reasonable standards. *(Cf., Matter of Catholic Med. Center v Department of Health,* 48 NY2d 967.) In this case, a line was drawn at eight law assistants by the administrative agency charged with implementing the classification plan and having knowledge of the underlying operational practices and the relevant factual data, and thereby is entitled to deference. *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *DiLucia v Mandelker,* 110 AD2d 260, 263 [1st Dept 1985].) The CRB then unanimously approved this demarcation.

Accordingly, the judgment of the Supreme Court, New York County (Leonard Cohen, J.), entered on June 9, 1986, which granted petition of petitioner-respondent-cross-appellant, James Donovan, to the extent of annulling the determination of the respondents-appellants-cross-respondents Honorable Joseph Bellacosa and the Classification Review Board, dated March 14, 1985, directing that petitioner's former position of chief law assistant (ungraded) be reclassified to the new title of chief law assistant (JS 31), effective April 1, 1977; and which denied petitioner's request for interest on the award retroactive to April 1, 1977, is unanimously reversed, on the law and the facts, and the petition dismissed, without costs.

SANDLER, ASCH and SMITH, JJ., concur.

Judgment, Supreme Court, New York County, entered on June 9, 1986, unanimously reversed, on the law and the facts, the judgment vacated, and the petition dismissed without costs and without disbursements.