■ DIANA BENTKOWSKY, Petitioner, v TOKIO RE CORPORATION et al., Respondents.—In this CPLR article 78 proceeding transferred to this court by order of the Supreme Court, New York County (Edward J. Greenfield, J.), entered January 2, 1987, the petition is unanimously granted to the extent of annulling the determination of respondent State Division of Human Rights dated March 31, 1986, which found no probable cause to believe that respondent Tokio Re Corporation terminated petitioner's employment because of her religious beliefs, and remanding the matter to respondent Division for a public hearing pursuant to Executive Law § 297 (4) (a), without costs.

Petitioner contends that she was terminated from her position as a coding clerk because she is a Sabbath-observant Orthodox Jew.

Although the evidence is conflicting, "discrimination is rarely so obvious or its practice so overt that recognition of it is instant and conclusive, it being accomplished usually by devious and subtle means". *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 183; *State Div. of Human Rights v Kilian Mfg. Corp.,* 35 NY2d 201, 209.)

While respondent claims that petitioner's job performance was unsatisfactory, in view of the sparseness of the record on this issue, the matter should be remanded for a public hearing at which petitioner will have an opportunity to present testimony and cross-examine witnesses.

Having considered this proceeding on its merits, we nevertheless point out that the order of transfer was improper. Where, as here, the Division has found no probable cause to believe that there has been an unlawful discriminatory practice and has not ordered a public hearing pursuant to Executive Law § 297 (4) (a), the Supreme Court shall dispose of the matter. Only where a hearing has been held, shall the Supreme Court transfer the proceeding to the appropriate Appellate Division for disposition. (Executive Law § 298; 1985 NY Legis Ann, at 147-148.) Concur—Kupferman, J. P., Sullivan, Asch, Milonas and Kassal, JJ.