OPINION OF THE COURT
Ralph F. Costello, J.
*915 Petitioner’s application for an order declaring that there was probable cause as to the petitioner’s complaint in the instant matter, and that the New York State Division of Human Rights (NYSDHR) enter such a finding; or, alternatively, that the NYS-DHR demand of respondent that the respondents provide to the NYSDHR a list of all available clerk/typist positions, locations and dates they were filled as they relate to the dates of discrimination alleged by the petitioner and that said respondents provide to NYSDHR said information and that NYSDHR consider the aforesaid information and evidence provided by petitioner and to be provided by respondent before rendering a determination as to probable cause or no probable cause as to petitioner’s complaint is denied.
On February 7, 2001 petitioner Metz filed with NYSDHR a verified complaint against respondent County of Suffolk, Department of Labor. Petitioner, a clerk/typist, alleged that the County refused to accommodate her disability when it transferred her from a Hauppauge work site to a work site in Coram. Petitioner alleged that the transfer was contrary to her medical condition since she was unable to drive and/or sit for prolonged periods of time. She alleged that at the time of her transfer there were vacancies for other clerk/typist positions which would not jeopardize her medical condition. The NYSDHR conducted an investigation of the petitioner’s complaint, wherein the respondent County denied that there were any other positions available at the time they asked petitioner to transfer job sites. The County alleged that even if there were other positions available, those positions would not be filled due to budgetary constraints. The NYSDHR issued an order on July 30, 2003 dismissing the complaint for lack of probable cause. The petitioner now challenges that determination as arbitrary, capricious and lacking in a rational basis. The petitioner further contends that the determination was arbitrary and capricious as a result of NYSDHR’s denial to petitioner of a reasonable opportunity to submit sufficient evidence in support of her claims. Specifically, petitioner alleges that it was unreasonable for the NYSDHR to require her to provide a list of additional available clerk/typist positions, their locations and dates filled wherein the request was made in a letter dated July 21, 2003 and setting forth a deadline for production of said list four days later on July 25, 2003. Petitioner had, in fact, previously on November 13, 2002 provided the NYSDHR with a list of positions in the clerk/typist title which petitioner alleged were available in Hauppauge at or about the time that she was being asked to transfer her job site location.
*916 Where a determination of no probable cause is rendered without holding a public hearing, the standard to be applied is whether the determination was arbitrary and capricious or lacking a rational basis (see, Matter of McFarland v New York State Div. of Human Rights, 241 AD2d 108 [1998]; Annamma v New York City Health & Hosps. Corp., 247 AD2d 245 [1998]; Bentkowsky v Tokio Re Corp., 139 AD2d 436 [1988]). The court reviewing the record in this case and the allegations of the parties finds that this burden has not been met (see, Matter of Bal v New York State Div. of Human Rights, 202 AD2d 236 [1994]; Matter of Giles v State Div. of Human Rights, 166 AD2d 779, 781 [1990]; Matter of Sidoti v New York State Div. of Human Rights, 212 AD2d 537, 538 [1995]; Matter of Moorehead v New York City Tr. Auth., 147 AD2d 569 [1989]; Matter of Donovan v Bellacosa, 129 AD2d 152 [1987]). In the case at bar the petitioner’s claim was not based on an allegation that the County failed to provide a reasonable accommodation to enable her to perform the essential functions and duties of the particular clerk/typist position at issue. Rather, petitioner desired to keep her commute to work shorter, which petitioner contends was a medical necessity in that she was unable to sit for long periods of time exceeding 20 to 25 minutes. The petitioner has cited no case nor any statute which requires the County to provide an accommodation to a worker with regard to the length of that worker’s commute. Specifically, the petitioner has failed to cite any case or any statute which has held that an employer violates the human rights laws by assigning employees to work sites without consideration of the proximity of their home. Employees, of course, can choose to live as close to or as far from their work sites as they wish. Even assuming, arguendo, that the law required such an accommodation, the petitioner has failed to meet her burden to sustain the instant application. The petitioner references several alleged clerk/typist positions which were allegedly available in the Hauppauge office, and which were listed by her attorney and sent to the NYSDHR; however, the source of this information is not provided either in her attorney’s letter or in any of the papers before the court. Thus, it cannot be said that the NYSDHR’s determination was arbitrary and capricious where it had before it no substantively verified information that such positions even existed. Moreover, to the extent that the petitioner was not allotted a reasonable time to provide such evidence, the court notes the following chronology. The petitioner commenced this complaint on Febru *917 ary 5, 2001. The NYSDHR commenced its investigation on May 11, 2001, and the respondent filed an answer on November 16, 2001. The aforementioned letter from petitioner’s attorney setting forth the positions which were allegedly available in Hauppauge was sent on November 13, 2002. The deadline which the petitioner complains was too short was set forth almost a year later and over two years after she initially brought her complaint. The court sees no reason why this information could not have been acquired or at least efforts made to acquire this information well before the deadline set forth by the NYSDHR.
Accordingly, for the reasons stated herein, the petitioner’s order to show cause is denied.