■ In the Matter of NEW VENTURE GEAR, INC., Petitioner-Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent-Petitioner, and ROSEANN PALMISANO, Respondent. [839 NYS2d 375]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Anthony J. Paris, J.], entered October 23, 2006) to review a determination of respondent-petitioner. The determination, among other things, found that petitioner-respondent had unlawfully discriminated against respondent and awarded her damages.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs, the petition is dismissed and the cross petition is granted in accordance with the following memorandum: Petitioner-respondent (petitioner) commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of the Commissioner of respondent-petitioner New York State Division of Human Rights (SDHR) determining that petitioner unlawfully discriminated against respondent RoseAnn Palmisano (complainant) by terminating her based on her disability, which was a chemical sensitivity to an ingredient in a cleaning solution used by complainant in her work for petitioner. Following its investigation of the complaint, SDHR found that probable cause existed to sustain the complaint, and the case was referred for a hearing before an administrative law judge (ALJ). Based upon the ALJ's recommendations, SDHR's Commissioner concluded, inter alia, that petitioner failed to provide complainant with reasonable accommodations for her disability as required by Executive Law § 296 (3). Pursuant to Executive Law § 296 (3) (b), employers are required to make reasonable accommodations to disabled employees, provided that the accommodations do not impose an undue hardship on the employer. A " 'reasonable accommodation' " is defined in relevant part as an action that permits an employee with a disability to perform his or her job activities in a reasonable manner (§ 292 [21-e]).

In reviewing the determination of SDHR's Commissioner, this Court may not substitute its judgment for that of the Commissioner (*see generally* Executive Law § 298; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]), and "we must confirm the determination so long as it is based on substantial evidence" (*State Div. of Human Rights v Rochester Prods. Div. of Gen. Motors Corp.*, 112 AD2d 785, 786 [1985]).

We conclude that the determination of SDHR's Commissioner is supported by substantial evidence. With respect to the issue whether petitioner reasonably accommodated complainant's disability, the record establishes that petitioner had protective equipment at the work site that may have alleviated complainant's adverse reaction to the ingredient in the cleaning solution that she was required to use. However, at no time prior to her termination from employment did petitioner advise complainant that the protective equipment was available for her use. Neither of complainant's supervisors addressed the medical issues raised by complainant and her physician prior to terminating complainant from employment.

We also conclude that there is substantial evidence in the record to support the determination of SDHR's Commissioner with respect to the issues of the existence of complainant's disability, the amount of damages awarded for back pay and mental anguish and humiliation, and reinstatement. We therefore grant SDHR's cross petition for an order of enforcement and direct petitioner to pay complainant the sum of $28,758.60 for back pay with interest at the rate of 9% from May 10, 1999 and the sum of $10,000 for mental anguish and humiliation with interest at the rate of 9% from June 28, 2006, the date of SDHR's order. Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.