MEMORANDUM *
Marilyn A. Robinson, an employee of a federal agency, the Bonneville Power Administration (“BPA”), appeals the district court’s grant of summary judgment in favor of her employer and denial of Robinson’s cross-motion for partial summary judgment.
The BPA’s motion to dismiss this appeal for lack of jurisdiction is denied. This court has jurisdiction because this is an appeal from a final judgment. 28 U.S.C. § 1291. The district court, however, did not have subject matter jurisdiction because Robinson pleaded allegations only under section 504 of the Rehabilitation Act, codified at 29 U.S.C. § 794, which does not confer a private cause of action for federal employees suing a federal agency. Boyd v. United States Postal Service, 752 F.2d 410, 413 (9th Cir.1985). The BPA moves for this court to vacate the judgment below and remand so that the district court can decide whether Robinson should be allowed to plead her case under sections 501 and 505 of the Rehabilitation Act, codified at 29 U.S.C. §§ 791 and 794a, instead of section 504. Alternatively, the BPA states it is agreeable to an amendment of Robinson’s pleading under 28 U.S.C. § 1653.
Robinson requests that this court construe all the allegations pleaded in her complaints under section 504 of the Rehabilitation Act to be allegations pleaded un *207 der sections 501 and 505 of the Rehabilitation Act, which do confer a private cause of action on federal employees suing a federal agency. Robinson does not seek to change the facts she pleaded in her complaints, only the legal basis for relief. We grant Robinson’s request and deem all allegations pleaded under section 504 of the Rehabilitation Act to be allegations pleaded under sections 501 and 505 of the Rehabilitation Act. 28 U.S.C. § 1653.
However, this does not change the analysis of the issues upon which the district court granted summary judgment. So construed, we review the grant of summary judgment de novo, Buckingham v. United States, 998 F.2d 735, 739 (9th Cir.1993), and we affirm.
Robinson filed numerous suits, all of which were consolidated. The parties settled the majority of her claims. In its order granting the BPA’s motion for summary judgment and denying Robinson’s motion for partial summary judgment, the district court found that all her claims were covered and discharged by the settlement, except for Robinson’s claim under the Rehabilitation Act, which alleged the BPA failed to accommodate her disability from November 7, 2005 (when her doctors cleared her to return to work) until May 27, 2006 (when the BPA allowed her to retire on disability). Robinson did not dispute that finding at the district court level.[1]
The district court found that there was no triable issue of fact as to whether the BPA’s accommodations for Robinson’s disability violated the Rehabilitation Act, and the BPA was entitled to summary judgment as a matter of law. The record supports this finding, Robinson did not produce any evidence from which a rational jury could find the BPA violated the Rehabilitation Act.
The undisputed evidence adduced at summary judgment showed the BPA made numerous accommodations for Robinson in the workplace, including allowing Robinson to work a flexible schedule so she would not have to drive her car in the dark, allowing her time off for surgery and recovery, and allowing her to work a reduced schedule as long as her doctors stated she needed. Robinson does not claim any of these accommodations were insufficient. She contests only the BPA’s decision that she could not continue telecommuting from home once she was cleared to work full time.
In contrast to the situation in Humphrey v. Memorial Hospitals Ass’n, 239 F.3d 1128 (9th Cir.2001), here the BPA had no job in place defined as a work-at-home position that Robinson could fill. The BPA also had no reason to know of Robinsons’s alleged ambulatory limitations, because she did not request telecommuting on this basis and she had previously worked at the Vancouver facility without incident. Further, the BPA presented un-controverted evidence that it would be unreasonable to require it to allow Robinson to work from home for two valid business *208 reasons. First, over the course of the 477 hours that Robinson worked from home, the only work she produced was one half-page report, she repeatedly missed deadlines, and she failed to complete her assigned work. Second, an essential part of Robinson’s job was interacting with personnel and experts both inside and outside the BPA. She was not able to do this from home. These constitute valid business reasons supporting the BPA’s refusal to allow Robinson to continue to telecommute after she proved she could not effectively perform her work from home. Robinson did not produce any evidence that these reasons given by the BPA as business necessities were a pretext for discrimination.
The BPA was not required to accommodate Robinson’s inability to drive to work or use public transportation. Although an employer is required to make reasonable accommodations to eliminate barriers for a disabled employee in the workplace, the employer is not required to eliminate barriers outside the workplace that make it more difficult for the employee to get to and from work (unless the employer makes such accommodations for its employees who do not have disabilities, which the BPA does not). See Salmon v. Dade County Sch. Bd., 4 F.Supp.2d 1157, 1163 (S.D.Fla.1998). Nor did the BPA fail to engage in an interactive process with Robinson, and the record contains no evidence that her supervisor, Howell, harbored any animus toward Robinson.
Finally, there was no evidence the BPA took any adverse action in retaliation for Robinson’s disability or the suits she filed. Therefore, the district court correctly granted the BPA’s motion for summary judgment.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. After Robinson's three current suits alleging violations of Title VII and the Rehabilitation Act were consolidated, the parties entered into a partial settlement, which settled all claims in two of the suits, and all Title VII claims in all three suits. Although Robinson now claims she could not have waived the Title VII claims in her fourth suit in the settlement because that suit had not yet been filed, the settlement clearly encompasses future suits arising from the same transaction, which her fourth suit does. In relevant part, the familiar language in the stipulation provided the settlement was in:
full settlement and satisfaction of any and all claims that the plaintiff now has or hereafter may acquire against Defendant on account of, arising out of, or in any way related to any and all incidents or circumstances set forth in the complaints.