■ In the Matter of ROBIN DiNATALE, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [909 NYS2d 597]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Kevin M. Dillon, J.], entered September 25, 2009) to review a determination of respondent Commissioner, New York State Division of Human Rights. The determination, after a hearing, dismissed the complaint of petitioner.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination that she failed to establish that respondent New York State Insurance Fund (NYSIF) discriminated against her based on a disability. Following its investigation of petitioner's complaint, respondent New York State Division of Human Rights (SDHR) found that probable cause existed to sustain the complaint, and the case was referred for a hearing before an administrative law judge (ALJ). Based upon the ALJ's recommendations, respondent Commissioner of SDHR concluded, inter alia, that petitioner did not establish that NYSIF failed to provide her with reasonable accommodations for her disability, as required by Executive Law § 296 (3). We now confirm that determination.

"Pursuant to Executive Law § 296 (3) (b), employers are required to make reasonable accommodations to disabled employees, provided that the accommodations do not impose an undue hardship on the employer. A reasonable accommodation is defined in relevant part as an action that permits an employee with a disability to perform his or her job activities in a reasonable manner" (*Matter of New Venture Gear, Inc. v New York State Div. of Human Rights*, 41 AD3d 1265, 1266 [2007] [internal quotation marks omitted]; *see* Executive Law § 292 [21-e]). "In reviewing the determination of SDHR's Commissioner, this Court may not substitute its judgment for that of the Commissioner . . . , and 'we must confirm the determination so long as it is based on substantial evidence' " (*New Venture Gear, Inc.*, 41 AD3d at 1266; *see Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]; *Matter of Mohawk Val. Orthopedics, LLP v Carcone*, 66 AD3d 1350, 1351 [2009]). Reasonable conclusions "may not be set aside by the courts although a contrary decision may 'have been reasonable

and also sustainable' " (*Matter of Imperial Diner v State Human Rights Appeal Bd.*, 52 NY2d 72, 79 [1980], quoting *Matter of Mize v State Div. of Human Rights*, 33 NY2d 53, 56 [1973]). We conclude that the determination of respondent Commissioner is supported by substantial evidence.

Petitioner requested that she be allowed to work from home, but she conceded at the hearing before the ALJ that nothing in her work environment caused the symptoms from which she suffered. Rather, according to petitioner, the symptoms were aggravated by her drive to and from work. Petitioner admitted that she did not know if she would experience the same symptoms if she were merely riding in a car rather than driving the car, or if she were allowed to work from home.

Petitioner lived 22 miles from her place of employment and, for personal reasons, would not consider moving closer in order to reduce the length of her commute. She had tried carpooling with one person, but the carpooling was not convenient for that person. Petitioner had not asked anyone else, including family members or friends, to drive her to and from work. Although there was public transportation near her home, petitioner had not attempted to use it and did not think that it would alleviate her symptoms.

We conclude that NYSIF, as petitioner's employer, was not required to accommodate petitioner's difficulties in commuting to and from work (*see e.g. Metz v County of Suffolk*, 4 Misc 3d 914, 916 [2004]; *LaResca v American Tel. & Tel.*, 161 F Supp 2d 323, 333-334 [2001]; *Salmon v Dade County School Bd.*, 4 F Supp 2d 1157, 1163 [1998]). An employee's commute "is an activity that is unrelated to and outside of [the] job[, and] an employer is required to provide reasonable accommodations that eliminate barriers *in* the work environment" (*Salmon*, 4 F Supp 2d at 1163).

We have reviewed petitioner's remaining contentions and conclude that they lack merit. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.