■ In the Matter of COUNTY OF ERIE et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. (Proceeding No. 1.) In the Matter of JOHN T. GALLIVAN, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. (Proceeding No. 2.) [996 NYS2d 826]—

Proceedings pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Donna M. Siwek, J.], entered March 4, 2014) to review a determination of the New York State Division of Human Rights. The determination found that the Erie County Sheriff's Office did not unlawfully fail to accommodate the request of John T. Gallivan for accommodation for disability.

It is hereby ordered that the determination is unanimously confirmed without costs, the petition and "cross petition" in proceeding No. 1 are granted to that extent, and the petition in proceeding No. 2 is dismissed.

Memorandum: The two proceedings herein arise from the same disability discrimination complaint filed by respondent-petitioner, John T. Gallivan, against petitioner-respondent Erie County Sheriff's Office (Sheriff's Office) and petitioner County of Erie (County), in which he alleged that they refused his request for reasonable accommodations. Gallivan, a deputy sheriff who worked in the Erie County Holding Center, alleged discrimination under the Americans with Disabilities Act (42 USC § 12101 *et seq.*) and the New York State Human Rights Law (Executive Law § 296). By their petition and "cross petition" in proceeding No. 1 pursuant to Executive Law § 298 and CPLR article 78, the County and the Sheriff's Office sought, inter alia, to confirm the determination of the Commissioner of respondent New York State Division of Human Rights (SDHR) dismissing the disability discrimination complaint, and they also moved to transfer the matter to this Court. Gallivan filed the petition in proceeding No. 2 seeking, among other things, to annul the Commissioner's determination, and he also moved to transfer the matter to this Court. Supreme Court transferred the matter to this Court.

In order to succeed on his discrimination claim, Gallivan was required to demonstrate, among other things, that the County and the Sheriff's Office failed to make reasonable accommodations for his disability. "A reasonable accommodation is defined in relevant part as an action that permits an employee with a disability to perform his or her job activities in a reasonable manner" (*Matter of New Venture Gear Inc. v New York State Div. of Human Rights*, 41 AD3d 1265, 1266 [2007] [internal quotation marks omitted]; *see* Executive Law § 292 [21-e]; *Matter of DiNatale v New York State Div. of Human Rights*, 77

AD3d 1341, 1342 [2010], *lv denied* 16 NY3d 711 [2011]).
Furthermore, a reasonable accommodation, "does not impose
an 'undue hardship' on the employer's business" (*Jacobsen v
New York City Health & Hosps. Corp.*, 22 NY3d 824, 834 [2014]).
"Thus, a proper . . . claim must be supported by substantiated
allegations that, upon the provision of reasonable accommoda-
tions, [the employee] could perform the essential functions of
[his or] her job, and the employee bears the burden of proof on
this issue at trial" (*id.* [internal quotation marks omitted],
quoting *Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881, 884
[2013]; *see Matter of Abram v New York State Div. of Human
Rights*, 71 AD3d 1471, 1473 [2010]). When reviewing a determi-
nation of the Commissioner, this Court's scope of review is
limited to whether the determination "is supported by substan-
tial evidence in the record" (*Matter of State Div. of Human
Rights [Granelle]*, 70 NY2d 100, 106 [1987]). Here, we conclude
that substantial evidence supports the Commissioner's determi-
nation that the accommodations requested by Gallivan were
incompatible with the essential functions of his job, and thus we
conclude that substantial evidence supports the Commissioner's
determination to dismiss the disability discrimination complaint
(*see generally id.*). Consequently, we grant the petition and the
"cross petition" in proceeding No. 1 insofar as they seek to
confirm the Commissioner's determination, and we dismiss the
petition in proceeding No. 2.

In light of our determination, the remaining contentions of
the County and the Sheriff's Office are moot. Present—Smith,
J.P., Peradotto, Carni, Valentino and Whalen, JJ.