# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1086**

**TP 14-00416**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF COUNTY OF ERIE AND ERIE COUNTY
SHERIFF'S OFFICE, PETITIONERS,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS AND
JOHN T. GALLIVAN, RESPONDENTS.
(PROCEEDING NO. 1.)

----------------------------------------------------

IN THE MATTER OF JOHN T. GALLIVAN, PETITIONER,

V

NEW YORK STATE DIVISION OF HUMAN RIGHTS AND ERIE
COUNTY SHERIFF'S OFFICE, RESPONDENTS.
(PROCEEDING NO. 2.)

---

WEBSTER SZANYI LLP, BUFFALO (JEREMY A. COLBY OF COUNSEL), FOR
PETITIONERS IN PROCEEDING NO. 1 AND RESPONDENT ERIE COUNTY SHERIFF'S
OFFICE IN PROCEEDING NO. 2.

LINDY KORN, BUFFALO, FOR RESPONDENT JOHN T. GALLIVAN IN PROCEEDING NO.
1 AND PETITIONER IN PROCEEDING NO. 2.

---

Proceedings pursuant to Executive Law § 298 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Erie County [Donna M. Siwek,
J.], entered March 4, 2014) to review a determination of the New York
State Division of Human Rights. The determination found that the Erie
County Sheriff's Office did not unlawfully fail to accommodate the
request of John T. Gallivan for accommodation for disability.

It is hereby ORDERED that the determination is unanimously
confirmed without costs, the petition and "cross petition" in
proceeding No. 1 are granted to that extent, and the petition in
proceeding No. 2 is dismissed.

Memorandum: The two proceedings herein arise from the same
disability discrimination complaint filed by respondent-petitioner,
John T. Gallivan, against petitioner-respondent Erie County Sheriff's
Office (Sheriff's Office) and petitioner County of Erie (County), in
which he alleged that they refused his request for reasonable
accommodations. Gallivan, a deputy sheriff who worked in the Erie
County Holding Center, alleged discrimination under the Americans with

Disabilities Act (42 USC § 12101 *et seq*.) and the New York State Human Rights Law (Executive Law § 296).  By their petition and "cross petition" in proceeding No. 1 pursuant to Executive Law § 298 and CPLR article 78, the County and the Sheriff's Office sought, inter alia, to confirm the determination of the Commissioner of respondent New York State Division of Human Rights (SDHR) dismissing the disability discrimination complaint, and they also moved to transfer the matter to this Court.  Gallivan filed the petition in proceeding No. 2 seeking, among other things, to annul the Commissioner's determination, and he also moved to transfer the matter to this Court. Supreme Court transferred the matter to this Court.

In order to succeed on his discrimination claim, Gallivan was required to demonstrate, among other things, that the County and the Sheriff's Office failed to make reasonable accommodations for his disability.  "A reasonable accommodation is defined in relevant part as an action that permits an employee with a disability to perform his or her job activities in a reasonable manner" (*Matter of New Venture Gear, Inc. v New York State Div. of Human Rights*, 41 AD3d 1265, 1266 [internal quotation marks omitted]; *see* Executive Law § 292 [21-e]; *Matter of DiNatale v New York State Div. of Human Rights*, 77 AD3d 1341, 1342, *lv denied* 16 NY3d 711).  Furthermore, a reasonable accommodation, "does not impose an 'undue hardship' on the employer's business" (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 834).  "Thus, a proper . . . claim must be supported by substantiated allegations that, upon the provision of reasonable accommodations, [the employee] could perform the essential functions of [his or] her job, and the employee bears the burden of proof on this issue at trial" (*id.* [internal quotation marks omitted], quoting *Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881, 884; *see Matter of Abram v New York State Div. of Human Rights*, 71 AD3d 1471, 1473). When reviewing a determination of the Commissioner, this Court's scope of review is limited to whether the determination "is supported by substantial evidence in the record" (*Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106).  Here, we conclude that substantial evidence supports the Commissioner's determination that the accommodations requested by Gallivan were incompatible with the essential functions of his job, and thus we conclude that substantial evidence supports the Commissioner's determination to dismiss the disability discrimination complaint (*see generally id.*). Consequently, we grant the petition and the "cross petition" in proceeding No. 1 insofar as they seek to confirm the Commissioner's determination, and we dismiss the petition in proceeding No. 2.

In light of our determination, the remaining contentions of the County and the Sheriff's Office are moot.

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court