# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**911**

**TP 14-00333**

PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF GERALDINE COLES, PETITIONER,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS AND
ERIE COUNTY SHERIFF'S OFFICE, RESPONDENTS.

---

LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (CHARLES MILLER OF COUNSEL),
FOR PETITIONER.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (MICHELLE M. PARKER OF
COUNSEL), FOR RESPONDENT ERIE COUNTY SHERIFF'S OFFICE.

---

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Donna M. Siwek, J.], entered January 27, 2014) to review a determination of respondent New York State Division of Human Rights. The determination rejected petitioner's claim that respondent Erie County Sheriff's Office discriminated against her based on a disability.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination that she failed to establish that respondent Erie County Sheriff's Office (ECSO) discriminated against her based on a disability. Following its investigation of petitioner's complaint, respondent New York State Division of Human Rights (SDHR) found that probable cause existed to sustain the complaint, and the case was referred for a hearing before an administrative law judge (ALJ). Based upon the ALJ's recommendations, the Commissioner of SDHR concluded, inter alia, that petitioner did not establish that ECSO failed to provide her with reasonable accommodations for her disability, as required by Executive Law § 296 (3). We now confirm the determination.

"Pursuant to Executive Law § 296 (3) (b), employers are required to make reasonable accommodations to disabled employees, provided that the accommodations do not impose an undue hardship on the employer. A reasonable accommodation is defined in relevant part as an action that permits an employee with a disability to perform his or her job activities in a reasonable manner" (*Matter of New Venture Gear, Inc. v New York State Div. of Human Rights*, 41 AD3d 1265, 1266 [internal

quotation marks omitted]; *see* § 292 [21-e]).  "In reviewing the determination of SDHR's Commissioner, this Court may not substitute its judgment for that of the Commissioner . . . , and 'we must confirm the determination so long as it is based on substantial evidence' " (*New Venture Gear, Inc*., 41 AD3d at 1266; *see Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106; *Matter of Mohawk Val. Orthopedics, LLP v Carcone*, 66 AD3d 1350, 1351).

ECSO does not dispute that petitioner's epilepsy constitutes a disability (*see Martinson v Kinney Shoe Corp*., 104 F3d 683, 686). Petitioner, a deputy sheriff assigned to the position of "inmate escort" at ECSO's correctional facility, does not dispute that her epilepsy does not permit her to be assigned to duties involving direct inmate contact, i.e., duties that require uninterrupted vigilance and emergency response capability (*see Kees v Wallenstein*, 973 F Supp 1191, 1197, *affd* 161 F3d 1196; *Martinson*, 104 F3d at 687).  Thus, petitioner also does not dispute that she cannot perform the essential functions of an "inmate escort" without presenting a direct threat to her own safety and others in the workplace (*see* 42 USC § 12113 [b]; *see generally McKenzie v Benton*, 388 F3d 1342, 1348-1349, *cert denied* 544 US 1048).  In order to accommodate her disability, however, petitioner ultimately requested assignment to a light-duty position. It is well settled that an employer is neither required to create a new light-duty position to accommodate a disability (*see* 9 NYCRR 466.11 [f] [6]; *see also Hardy v Village of Piermont, N.Y*., 923 F Supp 604, 610), nor to assign an employee with more than a temporary disability to a position in a light-duty program designed to accommodate only temporary disabilities (*see Kees*, 973 F Supp at 1194).  The fact that an employer has been lax in enforcing the temporary nature of its light-duty policy does not convert the policy into a permanent one (*see id.* at 1197; *Champ v Baltimore County*, 884 F Supp 991, 999-1000, *affd* 91 F3d 129).  Although ECSO maintained a "light-duty" program (Policy # 03-01-07, Light Duty Assignments), the purpose of that program is to assist employees with temporary disabilities by modifying work assignments and duties or arranging for a temporary transfer to a "Transitional Duty Assignment (TDA)" until the employee is medically released to resume regular duties.  The express intent of ECSO's "policy is not to create a permanent Transitional Duty Assignment, nor is [the policy] to be used in cases where an employee cannot perform the essential functions of a job with reasonable accommodation."  Petitioner's epilepsy seizure disorder was described by her own treating physician as "long-term."  Thus, we conclude that there is no basis to disturb SDHR's determination that petitioner's disability was of a permanent nature and that ECSO had no permanent light-duty police assignments available.  Consequently, and contrary to petitioner's contention, ECSO was not required under the Americans with Disabilities Act (42 USC § 12101 *et seq*.) or the New York State Human Rights Law (*see* Executive Law § 296) to accommodate petitioner by creating such a position for her (*see King v Town of Wallkill*, 302 F Supp 2d 279, 292).

We reject petitioner's further contention that ECSO erred in failing to engage in the interactive process.  The Commissioner of SDHR properly determined that no reasonable accommodation was

available for her particular condition and that she was unable to perform the essential functions of her "inmate escort" assignment or any other deputy sheriff assignment that petitioner identified and, therefore, there was no duty for ECSO to engage in such interactive process (*see McElwee v County of Orange*, 700 F3d 635, 642).

We have considered petitioner's remaining contentions and conclude that they are without merit.

Entered:  November 14, 2014                          Frances E. Cafarell
                                                     Clerk of the Court