**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELLE LIVINGSTON, | No. 08-35597 |
| Plaintiff - Appellant, | D.C. No. 3:06-CV-01825-HA |
| v. | |
| FRED MEYER STORES, INC., an Ohio corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted July 15, 2010
Portland, Oregon

Before: GOODWIN, PREGERSON, and WARDLAW, Circuit Judges.

Michelle Livingston ("Livingston") sued defendant Fred Meyer Stores in

federal district court, alleging disability discrimination and retaliation under the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12110, *et seq.*, and Oregon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Rev. Stat. ch. 659A.100, *et seq.* Livingston worked for Fred Meyer Stores as a wine steward from April 2005 until November 2006. Livingston suffers from a vision impairment that affects her ability to safely drive and walk outside after dark. In the fall of 2005, Livingston's supervisor granted Livingston's request to work a modified schedule during the fall and winter months so that she could minimize driving after dark. In the fall of 2006, however, Fred Meyer Stores denied Livingston's request for a modified schedule, even though the store had not experienced any hardship the previous year when Livingston was permitted to work under a modified schedule. In fact, Livingston was credited with increasing wine sales and improving the store's ranking when she worked under the modified schedule. When Livingston refused to work her scheduled shift, Fred Meyer fired her.

The district court granted summary judgment in favor of Fred Meyer Stores on all of Livingston's claims. The district court determined that Livingston did not have a disability under the ADA because her vision impairment did not substantially limit any major life activity. In the alternative, the district court concluded that Fred Meyer Stores had a legitimate, non-discriminatory reason for firing Livingston. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

**I.** **Disability**

2

The district court held that Livingston did not have a disability under the ADA because her vision impairment did not substantially limit any major life activity. We disagree. Livingston has raised a genuine issue of material fact that she has a disability under the ADA because she is substantially limited in the major life activity of "seeing."[1]

It is beyond dispute that "seeing" is a major life activity. See 29 C.F.R. § 1630.2(i); see also E.E.O.C. v. United Parcel Serv., Inc., 306 F.3d 794, 801 (9th Cir. 2002) ("There is no question . . . that 'seeing' is a major life activity."). A person's ability to see is "substantially limited" if she is "[s]ignificantly restricted as to the condition, manner or duration under which [she] can [see] as compared to . . . the average person." 29 C.F.R. § 1630.2(j)(1). Livingston's impairment prevents her from safely driving, walking, or leaving her house alone at night. Because an average person could safely drive, walk, and leave her house at night, Livingston is substantially limited in the major life activity of seeing. See, e.g., Colwell v. Rite Aid Corp., 602 F.3d 495, 502 (3d Cir. 2010) (holding that a reasonable jury could find that plaintiff with monocular blindness was substantially limited in her ability to see because she could not drive at night); Capobianco v.

_____

[1] We need not reach Livingston's alternative arguments that her vision impairment substantially limits her major life activities of walking, driving, working, and transportation.

3

New York, 422 F.3d 47, 58-59 (2d Cir. 2005) (holding that plaintiff's permanent, uncorrectable night blindness substantially limited his major life activity of seeing because he could not safely drive, walk, run, ride a bicycle, or engage in outdoor nighttime activities unless he was in the most familiar and well-lit surroundings). Accordingly, Livingston has raised a triable issue of fact that she has a disability under the ADA.

## II. Reasonable Accommodation

An employer has an affirmative duty to provide reasonable accommodations to individuals with disabilities. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9(a). Although reasonable accommodations include modified work schedules, 42 U.S.C. § 12111(9)(B); 29 C.F.R. § 1630.2(o)(2)(ii), the district court held that Fred Meyer Stores was not obligated to grant Livingston's request for a modified schedule because the duty to accommodate does not extend to "commute-related limitations." We disagree.

We have recognized that an employer has a duty to accommodate an employee's limitations in getting to and from work. See Humphrey v. Memorial Hospitals Ass'n, 239 F.3d 1128, 1135 (9th Cir. 2001) (holding that employer had a duty to accommodate employee with obsessive compulsive disorder, which interfered with her ability to get to work on time, or at all, but did not affect her

4

ability to function effectively as a medical transcriptionist); see also Colwell, 602

F.3d at 506 (holding that "the ADA contemplates that employers may need to

make reasonable shift changes in order to accommodate a disabled employee's

disability-related difficulties in getting to work"). Moreover, we have held that

"employers are not relieved of their duty to accommodate when employees are

already able to perform the essential functions of the job." Buckingham v. United

States, 998 F.2d 735, 740 (9th Cir. 1993).[2] Therefore, Fred Meyer Stores had a

duty to accommodate Livingston's inability to finish her scheduled shift, even

though her disability did not affect her ability to function effectively as a wine

steward.

Livingston's requested accommodation–a modified schedule that permits her

to work an earlier shift–is reasonable because Fred Meyer did not experience any

hardship when Livingston worked a modified schedule the previous year. In fact,

wine sales increased during that time. Accordingly, Livingston has raised a triable

---

[2] Although Livingston's claim arises under the ADA, while the Buckingham plaintiff's claim arose under the Rehabilitation Act, the same standards are used to determine whether unlawful discrimination has occurred under both Acts. See Walton v. U.S. Marshals Serv., 492 F.3d 998, 1003 (9th Cir. 2007); see also McLean v. Runyon, 222 F.3d 1150, 1153 (9th Cir. 2000) (analyzing a Rehabilitation Act accommodation claim under the same standard as the ADA).

issue of fact that Fred Meyer Stores failed to reasonably accommodate her disability.

## III. Interactive Process

Employers are required to engage in an interactive process with employees to identify and implement appropriate reasonable accommodations. See 29 C.F.R. § 1630.2(o)(3). The interactive process is triggered by a request for accommodation or an employer's recognition of the need for accommodation. See Barnett v. U.S. Air, Inc, 228 F.3d 1105, 1112 (9th Cir. 2000) (en banc), vacated on other grounds by 535 U.S. 391 (2002). Failure to engage in the interactive process in good faith results in employer liability under the ADA when a reasonable accommodation would otherwise have been possible. Id. at 1116.

We disagree with the district court's conclusion that Fred Meyer Stores satisfied its duty to interact in good faith merely by requesting additional information. No one at Fred Meyer Stores doubted that Livingston had a vision impairment and everyone agreed that the store had not experienced any hardship as a result of Livingston's modified schedule the previous year. Nevertheless, Fred Meyer Stores denied Livingston's request without providing a meaningful dialogue or explanation of its decision. Accordingly, Livingston has raised a triable issue of fact that Fred Meyer Stores failed to engage in the interactive process in good faith.

6

## IV. Unlawful Discharge

"To prevail on a claim of unlawful discharge under the ADA, the plaintiff must establish that he is a qualified individual with a disability and that the employer terminated him because of his disability." Humphrey, 239 F.3d at 1133. To raise a triable issue of fact that she was terminated because of her disability, Livingston must show that her disability was a "motivating factor" in the termination decision. See Head v. Glacier Northwest, Inc., 413 F.3d 1053, 1065 (9th Cir. 2005). Next, Fred Meyer Stores must provide a non-discriminatory reason for the discharge. Snead, 237 F.3d at 1093. Finally, Livingston has the burden of proving that the employer's reason was pretextual. Id. at 1093.

The district court granted summary judgment against Livingston on her unlawful discharge claim, concluding that Livingston's refusal to work her scheduled shift was a legitimate reason for firing her and that Livingston failed to demonstrate pretext. We disagree. Livingston's disability interfered with her ability to finish her scheduled shift during the fall and winter months because she could not safely drive home after dark. It is well established that conduct resulting from a disability is considered to be part of the disability, rather than a separate basis for termination. See Humphrey, 239 F.3d at 1139 (holding that plaintiff raised a triable issue of fact that she was terminated because of her disability where

7

her disability caused the absenteeism and tardiness for which she was fired). Because Livingston has presented evidence that her disability prevented her from completing her scheduled shift, and that she was fired for this reason, she has raised a triable issue of material fact that she was terminated because of her disability.

## V.    Conclusion

We hold that Livingston raised a triable issue of material fact that she has a disability and was terminated because of her disability.  We also hold that Livingston has raised a triable issue of material fact that  Fred Meyer Stores failed to reasonably accommodate her and failed to engage in the interactive process in good faith.  We reverse the district court's order granting summary judgment in favor of Fred Meyer Stores and remand for proceedings consistent with this disposition.[3]

**REVERSED AND REMANDED.**

---

[3] Livingston also claims that Fred Meyer Stores retaliated against her for requesting an accommodation in violation of 42 U.S.C. § 12203(b) and Or. Rev. Stat. § 659A.109.  Because the district court did not address this claim, we remand for the district court to consider this claim in the first instance.