**Anthony B. ALLEN, Plaintiff-Appellant,**

v.

**RALEY'S, a California Corporation; et al., Defendants-Appellees.**

No. 14-17275

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 21, 2017

Anthony B. Allen, Pro Se

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Daniel J. Coyle, Attorney, Delfino Madden O'Malley Coyle & Koewler, Sacramento, CA, for Defendants-Appellees

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges

### MEMORANDUM **

Anthony B. Allen appeals pro se from the district court's judgment, after a jury trial, in his employment discrimination action under Title VII and California's Fair Employment and Housing Act ("FEHA") against Raley's Corp. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Allen waived his challenge to the sufficiency of the evidence supporting the verdict on his claim of a racially hostile work environment by failing to move for judgment as a matter of law or a new trial before the district court. *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1088-90 (9th Cir. 2007) (holding that to preserve a sufficiency-of-the-evidence challenge, a party must file both a pre-verdict motion under Federal Rule of Civil Procedure 50(a) and a post-verdict motion for judgment as a matter of law or a new trial under Rule 50(b)).

The district court properly granted summary judgment on Allen's claim of race discrimination. *See Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 685 (9th Cir. 2017) (holding that grant of summary judgment is reviewed de novo). Allen failed to raise a genuine dispute of material fact as to whether he suffered an adverse employment action in the denial of a promotion or transfer because he did not apply for any promotions or transfers during the relevant period. *See id.* at 690-91 (setting forth prima facie case of discrimina-

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

tion under Title VII); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220-21 (9th Cir. 1998) (explaining that FEHA mirrors Title VII). Further, viewing the evidence in the light most favorable to Allen, the district court properly concluded that he failed to establish a prima facie case of race discrimination based on a work-hour reduction. *See Reynaga*, 847 F.3d at 690-91.

The district court properly granted summary judgment on Allen's claim of failure to prevent discrimination under Cal. Gov't Code § 12940(k) because the evidence shows that Raley's promptly investigated his complaints of harassment and discrimination. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F.Supp.3d 1086, 1098 (E.D. Cal. 2017) (setting forth elements of claim); *Cal. Fair Emp't & Hous. Comm'n v. Gemini Aluminum Corp.*, 122 Cal.App.4th 1004, 18 Cal.Rptr.3d 906, 920-21 (2004) (setting forth "reasonable steps" that an employer must take to prevent discrimination). In addition, this claim is precluded because Allen failed to establish discrimination. *See Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 748 (9th Cir. 2011) (explaining that failure-to-prevent claim is derivative of discrimination claim).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.